BLANK ROME LLP
Jeremy J. O. Harwood
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5001

Attorneys for the Petitioner

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> THE CONTAINERSHIP COMPANY (TCC) A/S <br><br> Debtor in a Foreign Proceeding | Chapter 15 <br><br> Case No. 11-Civ |

**VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND GRANTING FURTHER RELIEF**

Jørgen Hauschildt, as the court appointed receiver or "reconstructor" (the "Petitioner") of The Containership Company (TCC) A/S (the "Company"), and the foreign representative, in the Company's reconstruction or reorganization proceeding (the "Danish Bankruptcy Proceeding") under the laws of Denmark pending before the Copenhagen Maritime & Commercial Court, Bankruptcy Division, Denmark (the "Danish Court"), by its special United States counsel, Blank Rome LLP, respectfully files this verified petition pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in furtherance of the Official Form Petition (the "Petition") filed contemporaneously herewith pursuant to sections 1504 and 1515 of the Bankruptcy Code commencing a case under Chapter 15 ancillary to the Danish Bankruptcy Proceeding and seeking recognition of the Danish Bankruptcy Proceeding as a "foreign main proceeding" pursuant to Section 1517 of the Bankruptcy Code and granting certain related

injunctive relief and provisional relief. In support of the Petition, the Petitioner has instructed its special United States counsel to advise and to petition this court as follows:

## PRELIMINARY STATEMENT

The Petitioner has commenced this Chapter 15 case by filing the Petition contemporaneously with, and accompanied by, all certifications, statements, lists and documents required under Chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Petitioner seeks recognition of the Danish Bankruptcy Proceeding pending before the Danish Court as a "foreign main proceeding" and certain injunctive relief and provisional relief in aid thereof.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code, and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting CJ.), dated July 10, 1984. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(P).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## FACTUAL BACKGROUND

3. The Company is organized under the laws of the Denmark, with a registered address at Baltikavej 24, 2100 Copenhagen, Denmark. The Company is involved in the container shipping business.

A. **History of the Company**

4. In or around October 2009 the Company was incorporated in Denmark as a shipping company to establish a new container line between ports in the Peoples' Republic of China and Los Angeles, U.S.A.

2

5. The Company time-chartered five vessels to service the line. It also owned one vessel.

6. In recent months the Company's profit margin began to decline as it experienced a decrease in budgeted freight rates and increasing competition from Transpacific container liner operators, resulting in emptier sailings. A number of the Company's customers failed to meet minimum quantity commitments. To further worsen the problem, the Company was adversely effected by increased fuel prices. Unless there is a significant turnaround in the global economy, the financial condition of the Company will continue to deteriorate.

B. **The Danish Bankruptcy Proceeding**

7. On April 8, 2011, the Company filed a petition for reconstruction under the Danish Bankruptcy Act ("Konkursloven") of June 8, 2007 (as amended) (the "Act"). Thereafter, the Danish Court received the petition and commenced a "reconstruction" case (Docket CVR No. 32561543) and appointed Jørgen Hauschildt as "reconstructor" or trustee and Mr. Kristian Bredgaard Lassen, a certified public accountant, as a financial fiduciary.

8. The Company proposed a reconstruction plan to the Danish Bankruptcy Court on or about April 27, 2011.

9. At a hearing on May 4, 2011 the Danish Court accepted the proposed reconstruction plan.

C. **The Administration**

10. Under the Act the trustee takes control of the management of the debtor's business and represents the debtor in every respect. Individual creditors are prohibited from enforcing their rights individually. The trustee is charged with (i) continuing the business of the debtor for a period if the trustee believes such time will benefit creditors, (ii) selling the debtor's assets, (iii) investigating and prosecuting voidable transactions, (iv) investigating and approving

3

claims against the estate and (v) preparing an account of the proposed distribution, if any, of estate funds, subject to approval of the Danish Court.

D. **The Company's U.S. Assets**

11. The Company has vessels that may trade to U.S. ports as part of its reconstruction plan and be subject to interference by creditors to secure their claims.

## STATUTORY BASIS FOR RELIEF REQUESTED

12. Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign representatives such as the Petitioner in the performance of their duties. One of its express objectives is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. §1501(a)(3).

13. The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code. Moreover, the relief requested is necessary and appropriate under Chapter 15 of the Bankruptcy Code. Granting recognition to the Danish Bankruptcy Proceeding and the relief requested is consistent with the goals of international cooperation and assistance to foreign courts, embodied in Chapter 15 of the Bankruptcy Code. *See, Britannia Bulkers A/S* (S.D.N.Y. 08-15187) (REG) (granting recognition to a Danish maritime bankruptcy).

14. The Petitioner submits that the relief sought herein is well within the scope of Chapter 15 and that the criteria for recognition and the issuance of an injunction under Chapter 15 are satisfied under the facts of this case.

## RELIEF REQUESTED

15. The Petitioner seeks recognition of the Danish Bankruptcy Proceeding as a foreign main proceeding and hereby seeks entry of an order of this Court, substantially in the

form of the proposed order, attached hereto as Exhibit "1," (the "Proposed Order") granting the following relief in support of the Danish Bankruptcy Proceeding:

(a) recognition of the Danish Bankruptcy Proceeding as a "foreign main proceeding" as defined in 11 U.S.C. § 1502(4) pursuant to 11 U.S.C. § 1517;

(b) recognition of the Petitioner as the "foreign representative" of the Company within the meaning of 11 U.S.C. § 101(24) and for all purposes under Chapter 15 of the Danish Court;

(c) all relief afforded foreign main proceedings automatically upon recognition, including the "automatic stay" under section 362 of the Bankruptcy Code, as of right pursuant to 11 U.S.C. § 1520, or, if not as of right, then as additional relief to the extent authorized by 11 U.S.C. § 1521.

16. The Petitioner also hereby seeks the following additional relief pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1515, 1517, 1519, 1520 and 1521 and, if and as necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, as set forth in the form of the Proposed Order:

(a) all of the following relief:

i. staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Company to the extent not stayed under 11 U.S.C. § 1520(a);

ii. staying the continued prosecution (including discovery) of any ongoing litigation against the Company and the commencement of any additional actions against the Company (to the extent not already stayed by an order of this Court);

900200.00001/7024595v.1

iii. staying execution against the assets of the Company to the extent not stayed under 11 U.S.C. § 1520(a);

iv. providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Company, and finding that such information is required in the Danish Proceeding under the law of the United States;

v. entrusting the administration or realization of all or part of the assets of the Company within the territorial jurisdiction of the United States to the Petitioner;

vi. recognizing any further orders of the Danish Court, including, without limitation, orders relating to the administration of claims and interests in the Company and its assets; and

(b) such other and further relief as the Petitioner may request from time to time, to the extent authorized by 11 U.S.C. § 1507 and additional assistance as authorized by 11 U.S.C. § 1507, and granting the Petitioner such other and further relief as this Court may deem just and proper.

17. Granting the above relief and recognizing the Danish Bankruptcy Proceeding will ensure that the Company's affairs are expeditiously resolved, thus such relief is consistent with the goals of Chapter 15.

## BASIS FOR RELIEF

18. Section 1517 of the Bankruptcy Code provides that, after notice and a hearing, an order recognizing a "foreign proceeding" shall be entered if "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within

6

the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a).

A. **The Danish Bankruptcy Proceeding is a Foreign Proceeding**

19. Section 101 (23) of the Bankruptcy Code provides the definition for a foreign proceeding:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

20. As demonstrated by the Petition and the exhibits thereto, the Petitioner was duly appointed by the Danish Court pursuant to the Danish Bankruptcy Act to act as reconstructor or trustee for the Company. Accordingly, the Danish Bankruptcy Proceeding qualifies as a foreign proceeding.

21. A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 517(b)(I). Section 1516 establishes a presumption that the debtor's registered office is the debtor's center of main interests ("COMI"). See 11 U.S.C. § 1516. Additionally, COMI is analogous to the "United States' concept of 'principal place of business.'" *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd*, 389 B.R. 325, 336 (S.D.N.Y. 2008). As such, courts will look to factors such as the location of the debtor's headquarters, the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company), and the location of the debtor's primary assets, among other things, to determine the foreign debtor's COMI. *Id.*

7

22. The above factors conclusively favor a finding that the Company's COMI is Denmark. The majority of the Company's operations are centered in Denmark, its head office is located in Denmark, its directors are located in Denmark, it is incorporated under the laws of Denmark, and a majority of its employees work out of the Danish office. As such, the Danish Bankruptcy Proceeding constitutes a foreign main proceeding.

B. **The Danish Bankruptcy Proceeding Meets the Remaining Requirements for Recognition**

23. The Petition and the supporting documentation satisfy all the remaining requirements for recognition. First, the Petitioner is an individual and, thus, "person" within the meaning of section 101(41) of the Bankruptcy Code.

24. Second, the Petitioner has satisfied all of the procedural requirements set forth in section 1515 of the Bankruptcy Code. The Petition is accompanied by evidence supporting the existence of a foreign proceeding and the appointment of a foreign representative, including a certified copy of the order issued by the Danish Court that appointed the Petitioner. See 11 U.S.C. 1515(b); *see also* Exhibit A to the Official Form Petition. Further, the Petition is accompanied by a statement identifying all foreign proceedings with respect to the Foreign Debtor that are known to the Foreign Representative and the required list under Bankruptcy Rule 1007(4). *See* 11 U.S.C. 1515(c); *see also* Declaration of Jørgen Hauschildt. Finally, all the documents supporting the Petition are in or have been translated into in English. See 11 U.S.C. §1515(d).

25. Accordingly, the Petitioner and the Petition satisfy all of the requirements for recognition of the Danish Bankruptcy Proceeding as a foreign main proceeding.

900200.00001/7024595v.1

## REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(B)

26. It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a memorandum of law on the grounds that the relevant authorities and legal authorities in support of the Verified Petition are contained herein.

## HEARING DATE AND NOTICE

27. Petitioner requests that the Court set a date for a hearing (the "Hearing Date") pursuant to section 1517(c) of the Bankruptcy Code and Interim Bankruptcy Rule 2002 (setting forth a twenty-day notice requirement to parties in interest with certain exceptions) to approve the Petition. If no objections to this Petition are filed by the date ordered for such objections, Petitioner requests that the Court enter the Proposed Order recognizing the Danish Bankruptcy Proceeding as a foreign main proceeding without a hearing pursuant to Local Rule 2002-1.

28. Petitioner proposes that when the Hearing Date has been set by the Court, notice will be given as reasonable and appropriate, as set forth in the Application for Order (i) Specifying Form and Manner of Service of Notice of Filing Petition and Certain Pleadings Pursuant to Chapter 15 of the Bankruptcy Code Seeking Recognition of a Foreign Proceeding and Requesting Relief in Aid of a Foreign Proceeding, and (ii) Scheduling Hearing on the Chapter 15 Petition, filed contemporaneously herewith.

9

900200.00001/7024595v.1

## CONCLUSION

WHEREFORE, the Petitioner respectfully requests that this Court grant the relief requested and such other and further relief as may be just and proper.

Dated: New York, New York
May 31, 2011

By: _____
Petitioner Jørgen Hauschildt, as court appointed reconstructor of THE CONTAINERSHIP COMPANY (TCC) A/S

BLANK ROME LLP
as special United States Counsel to reconstructor-petitioner of THE CONTAINERSHIP COMPANY (TCC) A/S

By: _____
Jeremy J.O. Harwood
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

Attorneys for the Petitioner

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | |
|---|---|
| THE CONTAINERSHIP COMPANY (TCC) A/S | Chapter 15<br>Case No. 11-Civ |
| Debtor in a Foreign Proceeding | |

## VERIFICATION

I, Jørgen Hauschildt, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am the court appointed reconstructor or "receiver" of THE CONTAINERSHIP COMPANY (TCC) A/S. I have the full authority to verify this petition.

2. I have read the foregoing petition, and I am informed and believe that the factual allegations contained therein are true and accurate.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of May, 2011 in Copenhagen, Denmark.

/s/ Jogen Hauschildt
Jørgen Hauschildt, as court appointed reconstructor
of THE CONTAINERSHIP COMPANY (TCC) A/S