# Rodriguez O'Donnell Gonzalez Williams P.C.
ATTORNEYS AND COUNSELLORS AT LAW
WASHINGTON • CHICAGO • NEW YORK

8430 W. BRYN MAWR AVE.
CHICAGO, ILLINOIS 60631
TELEPHONE 773 314-5001
FACSIMILE 312 933-4224

45 ROCKEFELLER PLAZA
NEW YORK, N.Y. 10111
TELEPHONE 212-332-8136
FACSIMILE 212-332-3401

HENRY P. GONZALEZ, LL.M.

DIRECT DIAL: 202-973-2980
gonzalez@rorfgw.com

Admitted in New York; In D.C., practice limited to matters before federal courts and agencies.

REPLY TO:

1250 CONNECTICUT AVENUE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
TELEPHONE 202-293-3300
FACSIMILE 202-293-3307

June 27, 2011

**By ECF Filing**

Hon. Judge Sean H. Lane
U.S. Bankruptcy Judge
United States Bankruptcy Court
Southern District New York
One Bowling Green
New York, N.Y. 10004

    Re:    The Containership Company (TCC) A/S
            Chapter 15- Petition for Recognition of Foreign Proceeding
            Civ. No. 11-12622-(SHL)

Dear Judge Lane:

       We represent Phoenix International Freight Services, Ltd. ("Phoenix") and U.S. Pacific Transport, Inc. ("USPTI") regarding the above-referenced proceeding. These are U.S. companies to which TCC has made substantial unjustified and unlawful claims for failing to meet minimum quantity commitments pursuant to service contracts. For the following reasons, we seek an extension to reply to the Petition for Recognition of Foreign Proceeding and an opportunity to participate and state our response to the petition at the hearing scheduled on June 28, 2011.

       Phoenix and USPTI are federally licensed Non-Vessel Operating Common Carriers ("NVOCC"). On or about May 2010, Phoenix and USPTI respectively entered into written service contracts with TCC. The Shipping Act of 1984, as amended, defines a service contract as a written contract, other than a bill of lading or receipt, between one or more shippers and an individual ocean common carrier or an agreement between or among ocean common carriers in which the shipper makes a commitment to provide a certain minimum quantity or portion of its cargo or freight revenue over a fixed time period, and the individual ocean common carrier or the agreement commits to a certain rate or rate schedule and a defined service level, such as, assured space, transit time, port rotation, or similar service features. The contract may also specify provisions in the event of nonperformance on the part of any party. All service contracts must be filed with the FMC. See 46 U.S.C. §§ 40102 (20), Definitions and 40502 (b) (1) Service Contracts.

       Phoenix and USPTI allege that notwithstanding TCC's commitment to make available certain space and equipment on its vessels to transport USPTI's and Phoenix's cargo, TCC did not provide space or equipment it committed in its service contracts. Phoenix alleges that TCC's

abrupt cancellation and termination of service constitutes a violation of the Shipping Act of 1984, as amended, which provides that. "[a] common carrier, marine terminal operator, or ocean transportation intermediary may not fail to establish, observe, and enforce just and reasonable regulations and practices relating to or connected with receiving, handling, storing, or delivering property. See 46 USC § 41102 (c), General prohibitions- Practices in Handling Property. As further explained below, USPTI and Phoenix (and possibly other similarly situated NVOCCS) intend to seek the lifting of an automatic stay, should one be granted, to pursue and file a complaint at the Federal Maritime Commission ("FMC") for alleged Shipping Act violations and a declaration that TCC's service contracts are void against public policy, illusory and that TCC failed to establish, observe, and enforce just and reasonable regulations and practices relating to or connected with receiving, handling, storing, or delivering property in violation of 46 USC § 41102 (c). Under the doctrine of primary jurisdiction, we will respectfully request the Court to allow the FMC to hear USPTI's and Phoenix's complaint against TCC.

We understand that the final date to reply to the above-referenced petition was June 24, 2011. Because our clients did not learn of this bankruptcy filing until recently, we will not be making a formal objection at this time. USPTI and Phoenix did not receive notice of TCC's Chapter 15 Petition filed on May 31, 2011. TCC also failed to provide notice or list them as claimants or parties in the proceeding for reconstruction filed in Denmark on April 8, 2011, as averred in TCC's Memorandum of Law filed before this court (Docket No. 6). Furthermore it appears that a "Plan of Reconstruction" was approved at a hearing held May 3, 2011 before the Maritime and Commercial Court in Copenhagen, which Phoenix and USPT and other U.S. NVOCCS were neither invited nor provided an opportunity to object or vote on the reorganization or liquidation. Our clients and others did not obtain notice prior to the foreign court approving the appointment of the "Reconstructor" on April 11, 2011 (Docket No. 3).

The lack of notice or inclusion in the Danish reconstruction proceedings is unexplained and troublesome because TCC admits that its purpose in filing its SDNY Petition for Recognition is to prevent maritime creditors from exercising their rights of prejudgment attachment or arrest and protections granted under FMC laws to our clients (Docket No. 6 at 3). However, at the same time TCC attached to their petition a translation of a TCC Reconstruction Plan, approved without notice to U.S. maritime creditors that states unequivocally that TCC has claims for damages prepared in respect to breached freight agreements (Restructuring Plan of April 2011, paragraph 4, p. 5).

In view of the above violations of fairness and due process, we respectfully request participation in the June 28th hearing to state our response to the petition. We respectfully reserve our clients rights to seek a modification of the order of recognition that may be entered on June 28, 2011, and to further remove the stay of any action or proceeding once the order of recognition is entered, or to request prior to, or after such order is entered, that the court take into consideration the effect that such recognition, TRO and automatic stay may have on USPTI and Phoenix. Finally, we respectfully request that the court fashion appropriate relief to adequately protect our clients and other U.C. maritime creditors similarly situated.

      We also respectfully request that any preliminary relief that is granted or extended under 11 U.S.C. 1519, relief effective upon recognition under 11 U.S.C. 1520, discretionary relief under 11 U.S.C. 1521, equitable relief provided discretionally under 11 U.S.C. 105 or any other similar provision of the Bankruptcy Code, be carefully tailored by this honorable court to protect fundamental U.S. maritime public policy and the U.S. creditors (listed or unlisted). We also request the order granting such special relief insure that the interest of creditors and other parties is sufficiently protected as required under U.S.C. 1522(a) and allow the normal FMC formal complaint proceedings to continue uninterrupted. The court is requested that TCC provide proper security or file a sufficient bond as provided pursuant to 11 U.S.C. 1522. This will ensure that the interests of U.S creditors and other parties in interest are protected.

      We will be filing our notice of appearance before the hearing date and will contact your chambers to request that our co-counsel, Gerard A. Carlo, Esq., a member of the bar of New York, the District of Columbia and Puerto Rico, and former Chief Bankruptcy Judge for the District of Puerto Rico (1994-2009) and of the Bankruptcy Appellate Panel (BAP) for the First Circuit Court of Appeals, be allowed to participate fully in the hearing by telephonic appearance, as provided in the local rules of the court.

      We appreciate the Courts consideration of our request. If the Court has any questions regarding the above, please contact the undersigned at 202-973-2980 or Attorney Gerard A. Carlo at 787-429-4201.

                                                             RODRIGUEZ O'DONNELL
                                                             GONZALEZ & WILLIAMS, P.C.

By: *[signature]*
        Henry P. Gonzalez, LL.M.

Cc:    Jeremy Harwood, Esq., Counsel for Petitioner TCC A/S
        Via E-Mail: JHarwood@BlankRome.com